IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MANNS,           )<br>        Plaintiff            )<br>                         )<br>vs.                      )<br>                         )<br>BUREAU OF PRISONS and    )<br>FCI McKean Staff         )<br>        Defendants.      )  | C.A.No. 05-315 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I   RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants [Document # 18] be granted.

**II   REPORT**

**A.   Procedural History**

Plaintiff, William Manns, a federal inmate formerly detained at the Federal Correctional Institution at McKean, filed this civil rights action. Plaintiff names only the Bureau of Prisons, "FCI-McKean and [unnamed] staff" as Defendants in this matter and alleges that these Defendants[1] have violated his Eighth and Fourteenth Amendment rights.

Defendants have filed a motion to dismiss and Plaintiff has filed a brief in opposition. The issues are ripe for disposition by this Court.

---

[1] Within the body of the complaint, Plaintiff makes allegations against James Sherman, Donald Reich, Nurse Glenn, and Correctional Officer Pabon. However, to date, Plaintiff has not made any attempt to amend his complaint to add these four individuals as defendants in this action.

### B.    Standards of Review

#### 1.    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.    Motion to dismiss pursuant to 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977).  However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in

2

fact. Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000);  Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

### C.     Defendants Bureau of Prisons and FCI-McKean

Defendants Bureau of Prisons and FCI-McKean move to dismiss on the basis of sovereign immunity. Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued.  United States v. Mitchell, 445 U.S.  535, 538 (1980).  The terms of the government's consent define the court's jurisdiction over the case. Lehman v. Nakshian, 453 U.S. 156, 160 (1981).  A plaintiff attempting to sue any government agency, such as the Federal Bureau of Prisons or a specific prison, "may not rely on the general federal question jurisdiction ... but must identify a specific statutory provision that waives the government's sovereign immunity." Clinton County Commissioners v. United States Environmental Protection Agency, 116 F.3d 1018, 1021 (3d Cir. 1997).  Section 1983 does not confer jurisdiction over federal agencies.  See Hindes v. F.D.I.C., 137 F.3d 148, 158 (3d Cir. 1998).  In this regard, the motion to dismiss should be granted and the Bureau of Prisons and FCI-McKean should be dismissed from this case due to lack of jurisdiction.

## III     CONCLUSION

For the foregoing reasons, it is respectfully recommended  that the motion to dismiss filed by Defendants [Document # 18] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                                              <u>S/ Susan Paradise Baxter</u>
                                                              SUSAN PARADISE BAXTER
                                                              Chief United States Magistrate Judge

Dated: September 28, 2006