IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MANNS,<br>    Plaintiff | )<br>)<br>) |
| vs. | )   C.A.No. 05-315 Erie<br>)   District Judge McLaughlin |
| BUREAU OF PRISONS and<br>FCI McKean Staff<br>    Defendants. | )   Magistrate Judge Baxter<br>)<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or in the alternative for summary judgment filed by Defendants [Document # 32] be granted. The Clerk of Courts should be directed to close this case.

**II    REPORT**

    **A.    Procedural History**

Plaintiff, William Manns, a federal inmate formerly detained at the Federal Correctional Institution at McKean, filed this civil rights action. By Order dated December 20, 2006, this Court allowed this *pro se* Plaintiff to file an amended complaint naming Corrections Officer Pabon and Warden Sherman as Defendants in this action.[1]

In both his original and amended complaints, Plaintiff alleges that Defendant Sherman failed to act to protect inmates against abuses by guards and Defendant Pabon used excessive force against him during an April 2005 incident. Further, the amended complaint implies that Plaintiff received inadequate medical treatment, although Plaintiff has not named any medical

---

[1] Other Defendants have previously been dismissed from this case.

1

personnel as Defendants in this action. Plaintiff also alleges that he was the victim of a retaliatory transfer to another prison after he complained about inadequate medical treatment. See Document # 3, Complaint and Document # 28, Amended Complaint. In a subsequent filing, Plaintiff attempts to assert a claim under the Americans with Disabilities Act. See Document # 42, page 4.

Defendants have filed a motion for summary judgment; Plaintiff has filed a brief in opposition; and Defendants have filed a reply brief. The issues are fully briefed and are ripe for disposition by this Court.

### B.     Standards of Review
#### 1.     *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**2.      Motion to dismiss pursuant to 12(b)(6)**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S.  265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

**3.      Motion for summary judgment**

Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil

3

Procedure 56.  See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact.  See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997).  The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  Matsushita Elec. Indus. Company v Zenith Radio Corp., 475 U.S. 574

(1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### C. Defendant Warden Sherman

Defendants move to dismiss the claim against Defendant Sherman as Plaintiff has failed to state a claim against him.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).   Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991).  The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual

5

...

knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Plaintiff has not sufficiently alleged any personal involvement by Sherman and so, has failed to state a claim upon which relief could be granted.

### D. Correctional Officer Pabon

Plaintiff alleges that Defendant Pabon used excessive force against him to quell a minor disturbance in a cell at the prison. More specifically, Plaintiff explains:

> ... Officer Pabon placed handcuffs on Plaintiff behind his back, grabbed the chain between the cuffs and manhandled Plaintiff jerking and snatching up, down, sideways, back and forth and this treatment went on for at least five minutes in/on no less than two surveilance [sic] cameras. Plaintiff made it perfectly clear to Defendant Pabon that he was hurting him; he did not care.

Document # 42, page 2.[2]

While the Eighth Amendment protects inmates against cruel and unusual punishment, it does not protect an inmate against every minimal use of force. Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002). Not "every malevolent touch by a prison guard gives rise to a federal

---

[2] Elsewhere in his filings, Plaintiff further explains: "Correctional Officer Pabon ... pushed me by my wrist from the pressure of pulling and yanking me" [Document # 42, page 6], and further, "Officer Pabon placed handcuffs, tighter than necessary, on Petitioner and proceeded to raise and shift from side to side by holding the chain between the cuffs"[id. at 7].

6

cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992) citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

In an excessive force claim under the Eighth Amendment, summary judgment in favor of defendants is appropriate where the evidence, viewed in the light most favorable to the plaintiff, does not support "a reliable inference of wantonness in the infliction of pain." Thomas v. Ferguson, 361 F.Supp.2d 43, 438 (N.J. 2004) quoting Whitley v. Albers, 475 U.S. 312, 322 (1986). The central inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Mensinger, 293 F.3d at 649 quoting Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... whether or not significant injury is evident." Brooks v. Kyler, 204 F.3d 102, 108-109 (3d Cir. 2000) *(de minimus* injuries alone are not a sufficient basis upon which to grant summary judgment in favor of defendants).

This Court must determine if, when viewing the facts in the light most favorable to Plaintiff, a reasonable jury could conclude by a preponderance of the evidence that Defendant had malicious and sadistic intent to cause harm to Plaintiff. The district court must consider several factors in determining whether excessive force has been used against an inmate:

> (1) the need for the application of force;
>
> (2) the relationship between the need and the amount of force that was used;
>
> (3) the extent of the injury inflicted;
>
> (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and
>
> (5) any efforts made to temper the severity of the forceful response.

Mensinger, 293 F.3d at 649, quoting Hudson, 503 U.S. at 7.

### (1)   *The need for the application of force*

Accordingly to Plaintiff, a food tray was accidentally dropped as it was being passed

7

through the bars of the cell door. According to Defendant Pabon, he decided to conduct a cell search of Plaintiff's three-man cell following an incident in which another inmate threw a food tray out of the cell. Whether a tray was accidentally dropped or was intentionally thrown, both parties agree that there was a disturbance caused by a fallen tray and Defendant Pabon investigated that disturbance.

As per procedure, all inmates must be removed from the cell during a cell search, and handcuffed and escorted to another area. During Pabon's escort of Plaintiff, Plaintiff became resistant, stopped and said "you can't make me move anywhere I don't want to move." Pabon then gave Plaintiff a direct order to move and then led Plaintiff by the handcuffs to the holding area. Document # 33-3, Declaration of Correctional Officer Jose Pabon, ¶¶ 3-5.

(2)   *The relationship between the need for force and the amount of force used*

Defendants may be liable if they acted with sadistic and malicious intent to cause pain. Brooks, 204 F.3d at 109 ("[D]efendants' acts are not shielded from constitutional scrutiny simply because a plaintiff did not proffer objective evidence of more than *de minimus* injury"). The crucial inquiry is the manner of the infliction of the injury, not the injury itself. Rhodes v. Robinson, 612 F.2d 766, 771 (3d Cir. 1979).

In his Declaration, Defendant Pabon indicates that he used only a minimal amount of pressure on the handcuffs to get Plaintiff to move. Document # 33-3, ¶ 5. Even Plaintiff's own description of the force used does not indicate excessive force..

(3)   *The extent of Plaintiff's injuries*

"Although not dispositive, Plaintiff's injuries are relevant to determining if excessive force was used against Plaintiff." Thomas v. Ferguson, 361 F.Supp.2d 435, 438 (D. N.J. 2004), quoting Brooks, 204 F.3d at 108. "The degree of the resulting injury can be highly relevant to the determination of the unreasonableness of the force used." Id. However, *de minimus* injuries "do not necessarily establish *de minimus* force. Mensinger, at 649.

The medical records indicate that Plaintiff did not report any injury until one week after

the incident at which time he was medically evaluated. Plaintiff was then x-rayed, diagnosed with tendinitis, and prescribed Motrin for pain relief. Document # 33-4, Declaration of Barbara Cadogen, Regional Health Systems Administrator, Bureau of Prisons, and supporting medical records.

In viewing the facts in the light most favorable to the Plaintiff in order to determine if excessive force was used, it is highly relevant that Plaintiff's injuries were relatively minor.

*(4)   The extent of the threat to safety of staff and inmate and efforts made to temper the severity of the forceful response*

Defendants have provided evidence that Plaintiff resisted and Defendant Pabon used a minimal amount of force to escort Plaintiff to a holding area. See discussion above.

*(5)   Consideration of the factors*

In considering all of the factors, this Court recommends a finding that Pabon's actions do not rise to the level of excessive force as a matter of law. The factors, viewed in the light most favorable to Plaintiff, weigh in favor of Defendant Pabon. Defendants have provided evidence that demonstrates that there was a need for the application of force due to Plaintiff's resistance; that the relationship between the need for force and the amount of force used was commensurate; that the injuries Plaintiff sustained were relatively minor; and that Defendant Pabon tempered the severity of the force used to escort Plaintiff. Plaintiff has not provided any evidence to the contrary as is his burden in the fact of a motion for summary judgment by the opposing party. Given the situation with which he was presented, this Court recommends a finding that Defendant Pabon's actions were not constitutionally unreasonable. Therefore, the motion for summary judgment should be granted as to this claim.

E.     Retaliation[3]

Plaintiff alleges that he was transferred to another prison in retaliation for complaining about his medical treatment. Defendants move for the dismissal of this claim because Plaintiff has not exhausted his administrative remedies as to this issue in conformance with the requirements of the Prison Litigation Reform Act.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the

---

[3] "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

> In order to state a *prima facie* case of retaliation, a prisoner plaintiff must demonstrate:
> 1) the conduct in which he was engaged was constitutionally protected;
>
> 2) he suffered "adverse action" at the hands of prison officials; and
>
> 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

10

available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[4]  The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").  There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, ___ U.S. ___, ___ 126 S.Ct. 2378, 2384-88 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...").  Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id at * 2382. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004).

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).  Instead, it is the burden of a defendant asserting the defense to plead and prove it. Id.

Defendants have presented evidence that Plaintiff has not filed any administrative

---

[4] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

11

remedies complaining about a retaliatory transfer to another prison.  Document # 33-5, Declaration of Diana Jacobs Lee, Assistant Regional Counsel of the Federal Bureau of Prisons.[5]  Because Plaintiff has not complied with the exhaustion requirement of the PLRA, the retaliation claim should be dismissed.

### F.     Medical Treatment

In his Amended Complaint, Plaintiff implies that he was denied medical care.  Despite Plaintiff's failure to clearly articulate it as an Eighth Amendment claim and his failure to name any medical personnel as a defendant in this matter, this Court will liberally construe the implication as raising a cruel and unusual punishment claim under the Eighth Amendment.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).  The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious."  West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104.  Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk

---

[5] The record reflects that Plaintiff actually requested a transfer to another prison and filed grievances complaining about **not** receiving a transfer.  Document # 33-5.

of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). See also Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

Defendants have provided evidence in support of their argument for summary judgment in this regard. The medical records, along with the sworn explanations provided by Defendants, reflect that prison officials were not deliberate indifferent (even assuming for the sake of argument that Plaintiff had a serious medical need).

Plaintiff was repeatedly treated for his medical complaints. Plaintiff did not complain of any injury until almost a week after the handcuffing incident involving Defendant Pabon. When he complained, Plaintiff was medically examined and was assessed with tendinitis on May 2, 2005. When Plaintiff requested medication for pain, he was prescribed Motrin on May 6, 2005. Three months later, in early August of 2005, Plaintiff again reported pain in his wrist, he was medically examined, and it was noted that he had good range of motion and no swelling - it was further noted in his chart that Plaintiff had been seen doing pull-ups on a fence during recreation. On September 20, 2005, Plaintiff reported complaining of wrist pain. Plaintiff was physically examined, had full range of motion and no visible swelling, and received x-rays of the affected area. Plaintiff was diagnosed with a sprain. On October 12, 2005, Plaintiff was provided with an ACE bandage following his request for such. Plaintiff made no further complaints regarding his wrist. Document # 33-4, Declaration of Barbara Cadogen, Regional Health Systems Administrator, Federal Bureau of Prisons, and accompanying medical records.

The record reflects that no one exhibited deliberate indifference toward Plaintiff as he

was treated for his medical complaints. As such, Defendants motion for summary judgment should be granted.

### G. Futility of Amendment

By way of his Opposition Brief, Plaintiff attempts to interject a claim under the Americans with Disabilities Act. Plaintiff argues that he was denied medical treatment for months because he had tendinitis caused by Defendant Pabon's actions.

Plaintiff has previously been allowed to amend his complaint. Even if this Court were inclined at this advanced stage of the litigation to allow a second amendment to the complaint in order to add the ADA claim, such an amendment would be futile as the ADA does not apply to federal prisons. See 42 U.S.C. § 12131-12132; Fulton v. United States, 198 Fed. Appx. 210, 215-16 (3d Cir. 2006).[6]

### III   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss or in the alternative for summary judgment filed by Defendants [Document # 32] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

---

[6] Further, the record reflects that Plaintiff did not administratively exhaust any ADA claim prior to attempting to raise it in this action. Document # 43-2, Declaration of Diana Jacobs Lee.

                                                 S/ Susan Paradise Baxter
                                                 SUSAN PARADISE BAXTER
                                                 Chief United States Magistrate Judge

Dated: July 16, 2007